IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE LEONARD PAGE,<br>　　　　Petitioner,<br>　vs.<br>JAMES YATES, Warden,<br>　　　　Respondent. | No. C 10-1545 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 3) |

  Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

  Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Monterey of forcible rape and sexual battery. Petitioner admitted allegations that he had suffered a prior strike and serious felony conviction. On July 9, 2008, he was sentenced to 17 years in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on February 3, 2010 denied review of a petition allegedly raising the same claims raised here

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief on the grounds that the prosecutor's peremptory challenge to a prospective juror was exercised for racially discriminatory reasons and that the trial court's denial of petitioner's motion for a mistrial after a witness mentioned that petitioner was on probation for burglary violated his due process and Fifth Amendment rights. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C. <u>Request for Appointment of Counsel</u>

Petitioner's request for appointment of counsel is DENIED without prejudice. See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing. Accord <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel

within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 3) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or

|   |   |
|---|---|
| 1 | statement of non-opposition within 30 days of receipt of the motion, and |
| 2 | respondent shall file with the court and serve on petitioner a reply within 15 days |
| 3 | of receipt of any opposition. |
| 4 |        5.    Petitioner is reminded that all communications with the court must |
| 5 | be served on respondent by mailing a true copy of the document to respondent's |
| 6 | counsel.  Petitioner must also keep the court and all parties informed of any |
| 7 | change of address. |
| 8 | SO ORDERED. |
| 9 | DATED:  Aug. 5, 2010 |

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Page, P1.osc.wpd

4